UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

DANNY TORRES,

    Plaintiff,

v.                                        Case No. 5:20-cv-287-TKW/MJF

GEO GROUP INC., *et al.*,

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

Upon review of Plaintiff's complaint, the undersigned recommends that this action be dismissed for maliciousness, pursuant to 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(i), for Plaintiff's abuse of the judicial process in failing to disclose completely and honestly his litigation history.[1]

## I.    Background

Plaintiff, Danny Torres, DC # 945258, is an inmate of the Florida Department of Corrections ("FDC"). He commenced this action pursuant to 42 U.S.C. § 1983

---

[1] This case was referred to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b); Fed R. Civ. P. 72(b).

alleging that Defendants violated his constitutional rights. (Doc. 1). Plaintiff is also proceeding *in forma pauperis*.[2]

## II.   Discussion

**A.   <u>Screening of Plaintiff's Complaint</u>**

The Prison Litigation Reform Act of 1995 (PLRA), Pub. L. No. 104–134, 110 Stat. 1321 (1996), was enacted in "an effort to stem the flood of prisoner lawsuits in federal court." *Harris v. Garner*, 216 F.3d 970, 972 (11th Cir. 2000) (en banc); *see Procup v. Strickland*, 792 F.2d 1069, 1071 (11th Cir. 1986) (per curiam) ("Recent years have witnessed an explosion of prisoner litigation in the federal courts."). Under the PLRA, a federal court is required to screen a prisoner complaint to determine whether the action is frivolous, malicious or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A.

Courts may "oblige prisoners to supply available information concerning prior lawsuits that concern their incarceration." *In re Epps*, 888 F.2d 964, 969 (2d Cir.

---

[2] On October 26, 2020, this court granted Plaintiff's motion for leave to proceed *in forma pauperis* and assessed Plaintiff an initial partial filing fee of $14.33 as provide in 28 U.S.C. § 1915(b)(1)(A). The undersigned directed Plaintiff to pay the initial partial filing fee on or before November 25, 2020. Plaintiff submitted his payment on November 6, 2020. Due to an oversight in the clerk's office, the notice of the payment was not added to the docket until December 16, 2020. As a result of the clerk's office not docketing the payment promptly, the undersigned issued an order to show cause. Plaintiff responded to the order and provided the receipt indicating that he paid his initial partial filing fee on November 6, 2020. Thus, Plaintiff complied with the undersigned's show cause order.

1989). When a complaint form requires a plaintiff to list his litigation history, and the plaintiff's statements are made under penalty of perjury, a plaintiff's affirmative misrepresentation regarding his litigation history constitutes abuse of the judicial process warranting dismissal of the case as "malicious." *See* 28 U.S.C. § 1915A(b)(1); *Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998) (holding that dismissal of an action without prejudice as a sanction for a *pro se* prisoner's failure to disclose the existence of a prior lawsuit, where that prisoner was under penalty of perjury, was proper), *abrogated in part on other grounds by Jones v. Bock*, 549 U.S. 199 (2007); *see also, e.g.*, *Sears v. Haas*, 509 F. App'x 935, 935-36 (11th Cir. 2013) (holding that dismissal of prisoner-plaintiff's case for abuse of the judicial process under 28 U.S.C. § 1915A(b)(1) was warranted where the prisoner failed to disclose cases he previously filed); *Harris v. Warden*, 498 F. App'x 962, 964-65 (11th Cir. 2012) (same); *Jackson v. Fla. Dep't of Corr.*, 491 F. App'x 129, 132-33 (11th Cir. 2012) (same).

B.     **Plaintiff's Disclosures**

Section IV of the complaint form utilized by Plaintiff seeks information regarding Plaintiff's prior litigation in state and federal courts. (Doc. 1 at 4). The complaint form advises that "NOTE: FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE. IF YOU

ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLSOED AS WELL." (*Id.*).

On page 4 of the complaint form, Question A asks, "Have you initiated other actions in **state court** dealing with the same or similar facts/issues involved in this action." (*Id.*). Plaintiff responded "No" and did not disclose any cases. Also on page 4 of the complaint form, Question B asks, "Have you initiated other actions in **federal court** dealing with the same or similar facts/issues involved in this action?" (*Id.*). Plaintiff responded "No" and did not disclose any cases. (*Id.*).

On page 5 of the complaint form, Question C asks,

Have you initiated other actions (besides those listed in Questions (A) and (B)) in **either state or federal court** that relate to the fact or manner of you incarceration (including habeas corpus petitions) or the conditions of you confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)?

If YES, describe each action in the space provided below. If more than one action, describe all additional cases on a separate piece of paper, using the same format as below.

(Doc. 1 at 5). Plaintiff responded "No" and did not disclose any cases.

Finally, Question D of this section asks, "Have you ever had any actions in **federal court** dismissed as frivolous, malicious, failing to state a claim, or prior to service? If so, identify each and every case so dismissed[.]" (*Id.*). Plaintiff responded "No." Plaintiff did not disclose any cases.

At the end of the civil rights complaint form, Plaintiff signed his name after the following statement: "**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING STATEMENTS OF FACT, INCLUDING ALL CONTINUATION PAGES, ARE TRUE AND CORRECT**." (Doc. 1 at 9) (emphasis in original).

### C.  Plaintiff's Omissions

The court takes judicial notice that, at the time he filed his complaint in this case, Plaintiff had initiated *at least three* section 1983 cases that he should have disclosed. These cases are:

- *Torres v. Hansen*, No. 2:02-cv-00508-JES (M.D. Fla. Oct. 18, 2002) (case brought pursuant to 42 U.S.C. § 1983 and the court dismissed without prejudice for failure to state a claim);

- *Torres v. Smith*, No. 2:04-cv-00208-VMC-SPC (M.D. Fla. Apr. 9, 2004) (case brought pursuant to 42 U.S.C. § 1983 and the court dismissed without prejudice for failure to state a claim); and

- *Torres v. Nwankwo*, No. 9:04-cv-81170-WJZ (S.D. Fla. Dec. 21, 2004) (case brought pursuant to 42 U.S.C. § 1983 and the court granted summary judgment for the defendants).

These cases are attributable to Plaintiff insofar as each bears his Department of Correction inmate number: 945258. He failed to disclose these cases in his complaint. Plaintiff's omission, therefore, violated his duty of candor to this court.

### D. Materiality of Plaintiff's Omission

Courts have recognized that information regarding a plaintiff's litigation history is useful to the court:

> [I]t allows efficient consideration of whether the prisoner is entitled to pursue the current action under the "three strikes" provision of the Prison Litigation Reform Act; it allows consideration of whether the action is related to, or otherwise should be considered in conjunction with or by the same judge who presided over, another action; it allows consideration of whether any ruling in the other action affects the prisoner's current case. All of these things are appropriately considered in connection with the preliminary review of such a complaint under the Prison Litigation Reform Act.

*Spires v. Taylor*, No. 3:00-cv-249-RH (N.D. Fla. Oct. 27, 2000) (Order of Dismissal). Also, this "information may assist a court in identifying suits that are repetitious of prior or pending lawsuits and hence frivolous . . . ." *In re Epps*, 888 F.2d 964, 969 (2d Cir. 1989). "Every lawsuit filed, no matter how frivolous or repetitious, requires the investment of court time . . . ." *Procup*, 792 F.2d at 1072.

"Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." *Procup*, 792 F.2d at 1073; *In re Martin-Trigona*, 737 F.2d 1254, 1261-62 (2d Cir. 1984). Similarly, courts have "a responsibility to prevent

single litigants from unnecessarily encroaching on the judicial machinery needed by others." *Procup*, 792 F.2d at 1074. Requiring prisoner-plaintiffs to divulge their record of litigation serves all of these compelling interests. Thus, to conserve judicial resources and effectively manage their dockets, courts are well within their discretion to require *in forma pauperis* prisoner litigants to disclose their litigation history. *See Smith v. Psychiatric Sols., Inc.*, 750 F.3d 1253, 1262 (11th Cir. 2014) (noting that district courts have "unquestionable authority to control their own dockets; this authority includes broad discretion in deciding how best to manage the cases before them").

Additionally, because prisoner-plaintiffs generally proceed *pro se*, the information helps the court determine the plaintiff's litigation experience and familiarity with the legal terrain. The time spent verifying the cases a plaintiff has filed but failed to identify can be considerable.

When courts cannot rely on the statements or responses made by parties, the quality of justice is threatened. Courts, therefore, cannot tolerate false or misleading responses in pleadings or motions. Here, Plaintiff falsely responded to questions on the complaint form as detailed above. Plaintiff knew from reading the complaint form that disclosure of all prior civil cases was required. The complaint form

expressly warns prisoners: "FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE." (Doc. 1 at 4).

A penalty is warranted both to deter Plaintiff from such conduct and to deter others from similar misrepresentations and material omissions. *See Jones v. Warden of Statesville Corr. Ctr.*, 918 F. Supp. 1142, 1151 (N.D. Ill. 1995) ("The knowing failure of a pro se litigant to admit to the filing of prior related complaints in answer to the questions on the civil rights complaint form is conduct subject to sanctions by the court.").

### E. The Appropriate Sanction is Dismissal Without Prejudice

"[F]ailure to comply with court rules requiring disclosures about a plaintiff's previous litigation constitutes an abuse of the judicial process warranting dismissal." *Sears*, 509 F. App'x at 936. The court cannot allow Plaintiff's false responses to go unpunished. An appropriate sanction is to dismiss this case without prejudice.[3] *See Rivera*, 144 F.3d at 731; *see also, e.g., Reynolds v. Lowery*, No. 18-10856-F, 2018 WL 4206932, *1 (11th Cir. Aug. 8, 2018) (holding that "the district court did not

---

[3] Courts must consider whether a dismissal without prejudice would effectively be with prejudice because of the statute of limitations. *Stephenson v. Warden*, 554 F. App'x 835, 838 (11th Cir. 2014). Generally, the statute of limitations for claims under § 1983 is four years. *Id.* ("The statute of limitations for § 1983 claims is governed by the forum state's residual personal injury statute of limitations, which in Florida is four years."). Plaintiff alleges that the incidents giving rise to his claim began in April 2020. (Doc. 1). Thus, the statute of limitations likely would not bar Plaintiff from refiling this action if Plaintiff acts promptly.

abuse its discretion in dismissing" the prisoner-plaintiff's "complaint as malicious, based on his failure to accurately disclose his prior litigation history"); *Schmidt v. Navarro*, 576 F. App'x 897, 899 (11th Cir. 2014) (same).

No lesser sanction would suffice to deter this type of conduct. For example, providing Plaintiff an opportunity to amend his complaint to disclose the previous lawsuits would equate to overlooking his mendacity and his abuse of the judicial process, because that course of action would entail no penalty. *See Hood*, 197 F. App'x at 819. Insofar as Plaintiff already is incarcerated, a mere admonition or a finding of contempt would not deter Plaintiff or other prisoners from making false representations to the court. Dismissal without prejudice also would serve as a warning to Plaintiff and others that future misrepresentations to courts might result in more substantial sanctions. *See Warren v. Guelker*, 29 F.3d 1386, 1389 (9th Cir. 1994) (per curiam) (noting that a plaintiff's misrepresentation about previous lawsuits may violate Rule 11).

### III.   Conclusion

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1.  This case be **DISMISSED** without prejudice, pursuant to 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(b)(i) for maliciousness and abuse of the judicial process.

2.   The clerk of the court be directed to enter judgment accordingly and close this case.

At Panama City Beach, Florida this 16th day of December, 2020.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636. The parties also are advised that if they dispute the accuracy of any facts taken from judicially-noticed documents, or if they otherwise wish to be heard on the propriety of the court taking judicial notice of those facts, they must raise this issue in an objection to this report and recommendation.**